**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

JUNAID HASSAN,

        Petitioner,   :    Case No. 2:26-cv-00480

  - vs -             District Judge Michael H. Watson
                Magistrate Judge Michael R. Merz

FRANKLIN COUNTY SHERIFF'S
 OFFICE,

             :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner Junaid Hassan to obtain relief from his pre-trial detention in Respondent's custody in a Franklin County criminal case (Petition, ECF No. 1).  In lieu of an answer, Respondent filed a Motion to Dismiss, asserting Petitioner "was convicted on May 28, 2026 and left the County's custody on June 9, 2026, rendering this action for pre-trial habeas relief moot. (Motion, ECF No. 10, PageID 114).

Petitioner opposes the Motion because he says there are continuing consequences of his pretrial detention which prevents the case from becoming moot (Memo in Opp., ECF No. 12).

Petitioner brought this action under 28 U.S.C. § 2241 (Petition, ECF No. 4, PageID 50) to challenge his pre-trial detention.  § 2241 was the proper statute under which to bring a challenge to pre-trial detention and the Franklin County Sheriff was the proper Respondent.  Petitioner concedes he is no longer detained pursuant to pre-trial process, presumably a commitment order after his arrest on a capias.  Instead, he indicates he entered a no contest plea pursuant to *North*

1

*Carolina v. Alford*, 400 U.S. 25 (1970), after trial had commenced and is now in the custody of the Ohio Department of Corrections on a commitment warrant resulting from his conviction. Formal confirmation of the relevant facts of plea, sentence, and transfer of custody are found in the attachments to Respondent's Motion.

Petitioner suggests that instead of dismissing the case, we allow him to amend to substitute his new custodian. He indicates he intends to appeal his conviction[1]. But Petitioner would also be required to amended to state claims for relief directed at the conviction rather than the pre-trial detention. Proceeding in this fashion would be an inefficient use of judicial resources, because none of Petitioner's grounds for relief directed at the conviction is ripe for consideration, Habeas corpus petitioners under 28 U.S.C. § 2254 (which governs imprisonment on state conviction) must exhaust any available remedies they may have in the state courts before filing in federal court. This includes direct appeal to the Ohio regional court of appeals – in this case the Tenth District – and then to the Ohio Supreme Court. Depending on the nature of any claims Petitioner makes, he may also be required to file and exhaust a petition for post-conviction relief under Ohio Revised Code § 2953.21 and/or an Application for Reopening his direct appeal under Ohio R. App. P. 26(B).

If we accepted Petitioner's suggestion of amendment, we would have to immediately stay the case under *North Carolina v. Alford*, 400 U.S. 25 (1970), a stay which would probably last several years in this Court's experience during which we could do nothing to resolve the case. On the other hand, dismissal without prejudice does not delay Petitioner's case any more than required by the exhaustion doctrine.

---

[1] Since judgment was entered May 28, 2026, Petitioner's time to appeal expired June 27, 2026.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Respondent's Motion to Dismiss be granted and that the Petition be dismissed without prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 8, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.